**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 3:22-cv-0027 |
| ) | |
| 2020 30-Ft. GREY AND RED HELLKAT    ) | |
| VESSEL, HIN # HCPR1123K920 with TWO  ) | |
| 400-HORSE POWER, MERCURY MARINE    ) | |
| ENGINES, AND TRAILER-VIN #    ) | |
| 1A9BB2826LH840427,    ) | |
| ) | |
| Defendants.    ) | |
| ) | |

## <u>ORDER</u>

**BEFORE THE COURT** is the Motion for Release of Seized Property, filed by Gene Aubain (Aubain or Claimant), on April 25, 2022. (ECF No. 8.) The United States of America ("Government") filed an opposition in response to the motion (ECF No. 11), and Aubain filed a reply thereto (ECF No. 12). For the reasons stated below, the Court will deny the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Government brings this civil forfeiture action against the defendant property under 18 U.S.C. § 981(a)(1), alleging that the defendant property was part of a financial transaction involving the proceeds of specified unlawful activity. Verified Complaint for Forfeiture in Rem (ECF No. 1) (Complaint or Compl.) at ¶¶ 7-8. The Government alleges that the 2020 30-Ft. Grey and Red Hellkat Vessel (vessel or property) at issue was:

> seized by agents of the Department of Homeland Security, Homeland Security Investigations (HSI) from a boat yard in St. Thomas, U.S.V.I. on or about October 5, 2021, during an investigation into the drug trafficking activities of Marc Thomas, deceased, and pursuant to the execution of a search and seizure warrant issued by the District Court of the Virgin Islands. The defendant property is in the custody of HSI.

Compl. at ¶ 6. Aubain claims an interest in the vessel as reflected by the bill of sale found among documents located during the execution of a search warrant upon a vehicle registered to Marc Thomas as part of the same investigation. *See* Mot. at ¶ 1 and Declaration in Support of Verified Forfeiture Complaint (ECF No. 1-2) (Decl. in Supp.) at ¶ 19(h).

*United States v. 2020 30-Ft. Grey and Red Hellkat Vessel et al.*
Case No. 3:22-cv-0027
Order
Page 2 of 6

Aubain petitioned HSI for return of the vessel on January 12, 2022. Decl. in Supp. at ¶ 29; Opp'n at 3. He now moves the Court for release of the vessel pursuant to 18 U.S.C. § 983(f)(1). The Government opposes on the grounds that Aubain fails to satisfy all the requirements set forth in section 983(f)(1) for immediate release of the property.

## II. LEGAL STANDARD

Section 983(f)(1) provides that a claimant is entitled to immediate release of seized property if:

> (A) the claimant has a possessory interest in the property;
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
> (E) none of the conditions set forth in paragraph (8) applies.

18 U.S.C. § 983(f)(1). Further, paragraph (8) of section 983(f) provides:

> This subsection shall not apply if the seized property—
> (A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
> (B) is to be used as evidence of a violation of the law;
> (C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or
> (D) is likely to be used to commit additional criminal acts if returned to the claimant.

18 U.S.C. § 983(f)(8). Aubain must demonstrate that he meets all the requirements contained in these provisions before the Court is required to release the property. 18 U.S.C. § 983(f)(6). *See, e.g., In re 1 Yellow Contender Vessel*, MISC. 19-0100CCC, 2019 U.S. Dist. LEXIS 159043, at *3 (D.P.R. Sept. 10, 2019) ("It is the claimant's burden to demonstrate that these

requirements have been met . . . ." (citing 18 U.S.C. § 983(f)(6) and *U.S. v. Undetermined Amount of U.S. Currency*, 376 F. 3d 260 (4th Cir. 2004)).

## III. DISCUSSION

In his motion, Aubain states that he has a "present possessory interest" in the vessel, that he is a lifelong resident of St. Thomas, U.S. Virgin Islands, and that he purchased the vessel "to operate a boat charter business." Mot. at ¶¶ 1, 2, and 6. He further declares that the continued possession of the vessel by the Government causes him "substantial hardship" by preventing him "from the ability to operate a business or earn a living." *Id.* at ¶ 7. He also merely recites that his hardship outweighs the risk of the property being destroyed, etc., as provided in section 983(f)(1)(D) and that the property is not any of the things listed in section 983(f)(8). *Id.* at ¶¶ 8-9. The Court notes that the record is completely devoid of any proof or evidence to support Aubain's threadbare recitals of the statutory provisions.

While the Government acknowledges that Aubain arguably has established that he has a possessory interest in the property and that he has sufficient ties to the community as required by section 983(f)(1)(A)-(B), it opposes release of the property on the grounds that Aubain fails to satisfy the remaining three requirements of the section. Government's Opposition to Claimant's Motion for Release of Seized Property (Opposition or Opp'n) at 1 and 6.

First, the Government contests Aubain's claim of "substantial hardship," as set forth in subparagraph (f)(1)(C), declaring that he "has presented no evidence that he has ever operated a legitimate business" that could or would utilize the vessel. *Id.* at 8. In support of its contention that Aubain has never operated a business using the vessel, the Government presents the Declaration of Horace Graham, Director of Licensing, Virgin Islands Department of Licensing and Consumer Affairs. Mr. Graham affirms, therein, that, during the period between January 2020 and the present, Claimant has not been issued a business license for boat rental or boat charter nor has he applied for one. *See id.* at 8 and Exhibit 1 (ECF No. 11-1).

The Government also argues that the fact that Mr. Aubain "has never used the defendant property to conduct any legitimate business," *id.* at 8, is further proved by the fact that the registration of the vessel was transferred to Aubain, but he did not register the vessel

for commercial use, nor did he renew the registration after it expired on June 30, 2021. *See id.* and Declaration of Jessica Magras-Parris, Assistant Director of Enforcement, Virgin Islands Department of Planning and Natural Resources (Exhibit 2) (ECF No. 11-2).

Aubain seemingly admits that he does not have a current business that would or could be conducted with the vessel by countering that "[t]here is no requirement to possess a business license if a person or entity is not actively engaged in business at the present time in the U.S. Virgin Islands." Reply to Opposition (Reply) at 2 (citation omitted). However, even if Aubain could present proof of his intent to use the vessel "to operate a boat charter business," as he claims (*see* Mot. at ¶ 6), the Court finds that he still fails to prove "substantial hardship" as the statute requires.

> Although § 938(f)(1)(C) [d]oes not define "substantial hardship," it provides some examples of what Congress deemed to be sufficient as grounds warranting the release of seized property, 'such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless.' . . . These examples supply a basis on which to assess the claimant's asserted hardship.

*United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, Civil Action No. 3:17-CV-2989-D, 2018 U.S. Dist. LEXIS 79491, at *6 (N.D. Tex. May 11, 2018) (citations omitted). *See, also, e.g., United States v. Undetermined Amount of U.S. Currency*, 376 F. 3d 260, 267 (4th Cir. 2004). The Court interprets the plain meaning of the language used in the first example given in subparagraph (C) of "preventing the functioning of a business" to mean the continued functioning of a business, that is, that the business already exists and, in the absence of the seized property, can no longer function.  The Court agrees with the Government that since Aubain has not shown the existence of an already-functioning business, he cannot show that the dispossession of the property at issue prevents the business from functioning. Moreover, the other examples of "substantial hardship" given are "preventing an individual from working for a living" and "leaving an individual homeless." 18 U.S.C. § 938(f)(1)(C). The Court finds that the inability to start a future business is not on the same level as these examples and, thus, does not constitute "substantial hardship." The Court also notes that Aubain does not substantiate his conclusory statement that he is unable to "earn a living" without possession of the vessel. Mot. at ¶ 7.

Assuming *arguendo* that Aubain could somehow establish the first four requirements of section 938(f)(1), the Court considers the final requirement, namely, that "none of the conditions set forth in paragraph (8) applies," 18 U.S.C. § 938(f)(1)(E), keeping in mind that "relief under § 983(f) is completely foreclosed where any of the provisions of paragraph (8) apply . . . ." *United States v. Contents of Accounts*, 629 F. 3d 601, 608 (6th Cir. 2011).

The Government contends that the vessel has design features/characteristics that make it "particularly suited to illegal activity." 18 U.S.C. § 938(f)(8)(C). Opp'n at 9-10. The Government relies upon the Declaration of Ricardo L. Regalado, Marine Interdiction Agent, United States Customs and Border Protection (Decl.) (ECF No. 11-3), who not only is familiar with these types of vessels, but also owns a similar vessel. Opp'n at 9 and Decl. at ¶ 2. Claimant replies that "[i]f the vessel itself is so nefarious, Agent Regalado's personal vessel must be immediately seized by the federal government, . . ." Reply at 2, completely overlooking the very distinct differences between Agent Regalado's personal vessel and the seized vessel at issue here.

Claimant broadly asserts that the "[v]essel at issue in this case is a completely legal vessel, sold in the normal stream of commerce, and is unaltered from its originally manufactured condition . . . ." *Id.* However, as Agent Regalado states in his Declaration, these boats are custom designed and built by the manufacturer. Decl. at ¶ 4. He also states that even though the two vessels appear similar, the defendant vessel weighs at least 800 pounds less than his personal vessel, and, at that weight, can "out-run" any law enforcement power boat. *Id.* at ¶ 4. Another feature of the defendant vessel is "very hollow and spacious compartments in its double hull, that make it very easy to conceal contraband from law enforcement." Opp'n at 10 (citing Decl. at ¶ 9). Agent Regalado explains that the interior of the defendant vessel's double hull "is a very spacious and inconspicuous compartment, located in an area that would be inaccessible during a short detention if stopped by law enforcement." *Id.* at ¶ 7. By comparison, he continues, his personal vessel "has much less hollow space in the double hull than in the defendant property."  *Id.* at ¶ 8. Finally, Agent Regalado notes that the placement of the space and the way it is covered in the defendant vessel "make it virtually impossible to see into the spacious compartment, which might lead a law enforcement officer to think that no storage exists in this area." *Id.* at ¶ 9. It is the

combination of all these "unique characteristics that make [the defendant vessel] particularly suited for use in illegal activities," according to Agent Regalado. *Id*. at ¶ 5.

Aubain's flippant dismissal of the custom and unique characteristics of the defendant vessel aside, the Court finds that the Government has provided enough evidence to show that the property "by reason of design or other characteristic, is particularly suited for use in illegal activities" as provided in 18 U.S.C. § 938(f)(8)(C). Consequently, the Court finds that Claimant fails to satisfy the condition required by section 938(f)(1)(E).

## IV.  CONCLUSION

Based upon the foregoing, the Court finds that Claimant, Gene Aubain, has not demonstrated that he is entitled to the immediate release of the seized 2020 30-Ft. Grey and Red Hellkat Vessel at issue in the above-captioned matter. Therefore, the Court will deny his motion seeking such release.

Accordingly, it is hereby

**ORDERED** that Gene Aubain's Motion for Release of Seized Property (ECF No. 8) is **DENIED.**

**Dated:** June 29, 2022

/s/ Robert A. Molloy
**ROBERT A. MOLLOY**
**Chief Judge**